1

2

3

4

5

6

7

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

8

9   | CAROLYN ANDERSON,

10  |     Plaintiff,

11  |     v.

12  | DOMINO'S PIZZA, INC., DOMINO'S
13  | PIZZA, LLC, FOUR OUR FAMILIES,
    | INC. and CALL-EM-ALL, LLC,

14  |     Defendants.

15

CIVIL ACTION NO.:

**NOTICE OF REMOVAL**

16   **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453,

17  defendant Call-Em-All, LLC ("CEA"), hereby gives the following Notice of Removal and

18  removes this lawsuit from the Superior Court of Washington in King County, the court in

19  which this lawsuit is currently pending, to the United States District Court for the Western

20  District of Washington.

21

### INTRODUCTION

22

23   As grounds for the removal, CEA states as follows:

24

**NOTICE OF REMOVAL – Page 1**

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1.    This lawsuit, in which plaintiff Carolyn Anderson seeks to certify a nationwide class of plaintiffs, is removable pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and asserts the federal Court's jurisdiction under the Class Action Fairness Act provisions of 28 U.S.C. § 1332 and supplemental jurisdiction provisions of 28 U.S.C. § 1367.

2.    Diversity jurisdiction exists pursuant to the Class Action Fairness Act of 2005 (hereinafter, "CAFA"), codified at 28 U.S.C. § 1332(d); and supplemental jurisdiction exists over plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3.    Removal is timely because CEA was served with a copy of the Amended Class Action Complaint For Damages, Injunctive And Declaratory Relief less than thirty (30) days ago. Although not necessary for removal, the remaining three defendants have all consented in writing to removal.

4.    The minimal diversity exists for removal under CAFA because: the only named plaintiff is a citizen of a state different from that of three defendants (including CEA); there are at least one hundred (100) members of the class; and in excess of five million dollars ($5,000,000.00) is in controversy, exclusive of interest and costs.

5.    **REMOVAL IS TIMELY.**  On May 10, 2011 at the earliest, plaintiff filed with the state court its Summons on Amended Complaint and the Amended Class Action Complaint For Damages, Injunctive And Declaratory Relief ("Am. Cmpl."). A copy of the Summons and Am. Cmpl. are attached hereto as Exhibit A.

**NOTICE OF REMOVAL – Page 2**

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

6.      The Amended Complaint was the first document naming CEA as a defendant. Prior to that, the only defendants in this lawsuit were Domino's Pizza, Inc., Domino's Pizza, LLC and Four Our Families, Inc.

7.      This Notice of Removal is filed within thirty (30) days of CEA's receipt of the Summons and Amended Complaint.

8.      **THE PARTIES ARE SUFFICENTLY DIVERSE.**  CEA is a company organized and existing under the laws of Texas with its principal place of business in Texas. Am. Cmpl. at ¶1.2.

9.      Plaintiff Carolyn Anderson is a resident of Tacoma, Washington.  Am. Cmpl. at ¶1.3.

10.     Based on the allegations of the Amended Complaint, the diversity of citizenship requirement under CAFA, 28 U.S.C. § 1332(d)(2), is satisfied.

11.     Although not necessary to effect removal, all of the remaining defendants, namely Domino's Pizza, Inc., Domino's Pizza, LLC and Four Our Families, Inc. have consented in writing to the removal of this action. *See* Exhibit B hereto.

12.     Supplemental jurisdiction exists over plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

13.     **PROPER NOTICE OF REMOVAL IS BEING PROVIDED.**  Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be given to plaintiff as reflected by the attached Certificate of Service.

**NOTICE OF REMOVAL – Page 3**

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

14. CEA will simultaneously file and serve this Notice and a Notice to Superior Court of Filing of Notice of Removal (attached hereto as <u>Exhibit C</u>) on all parties of record in the State Court action as well as the Clerk of the Circuit Court of the Superior Court of the State of Washington for King County, pursuant to 28 U.S.C. § 1446(d).

15. Venue properly lies in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a), as this action was filed in a state court in this district and plaintiff resides in this district.

16. **THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000.00.** Plaintiff seeks damages in the amount of $1500.00 per each allegedly illegal telephone call, which represents the $500.00 statutory award under 47 U.S.C. § 227 trebled, as sought by plaintiff the same statute.

17. There has been deposition testimony in this case from Michael W. Brown of defendant Four Our Families, Inc., that at least 5000 telephone calls (see <u>Exhibit D</u> hereto) (relevant portions only) have been made, making the amount in controversy at least $7,500,000.00 (5000 x plaintiff's claim for at least $1500 per call).

18. In addition to the statutory damages, plaintiff seeks injunctive relief and attorneys' fees, which further push the jurisdictional amount in controversy above the CAFA threshold.

19. The Amended Complaint alleges that there are more than one hundred (100) members of the nationwide class, thereby satisfying 28 U.S.C. § 1332(d)(5)(B) of the CAFA. Am. Cmpl. at ¶4.3.

**NOTICE OF REMOVAL – Page 4**

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1       20.    Pursuant to the CR 101(b) of the Civil Rules for the Western District of

2   Washington, all remaining papers and pleadings previously filed will be filed within

3   fourteen (14) days of the filing of this notice.

4       **WHEFEFORE,** Defendant Call-Em-All, LLC hereby removes this lawsuit to the

5   United States Court for the Western District of Washington.

6

7       Dated:  May 31, 2011

8                                       CORR CRONIN MICHELSON
    BAUMGARDNER & PREECE LLP

9

10                                      */s/ Kelly P. Corr*

11                                      By: Kelly P. Corr, WSBA No. 555
    Christina Dimock, WSBA No. 40159

12                                      1001 4th Ave., Suite 3900

13                                      Seattle, WA  98154-1051
    Tel. 206.625.8600

14                                      Fax. 206.625.0900
    kcorr@corrcronin.com

15                                      cdimock@corrcronin.com
    Attorneys for Defendant Call-Em-All, LLC

16

17                                      THE LUSTIGMAN FIRM, P.C.

18

19                                      */s/ AndrewB. Lustigman*

20                                      Andrew B. Lustigman (*pro hac* to be filed)
    Scott Shaffer (*pro hac* to be filed)

21                                      149 Madison Avenue, Suite 805
    New York, New York 10016

22                                      andy@lfirm.com
    scott@lustigmanfirm.com

23

24

**NOTICE OF REMOVAL – Page 5**

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies as follows:

I am employed at Corr Cronin Michelson Baumgardner & Preece LLP, attorneys of record for Defendant Call-Em-All, LLC herein.

On May 31, 2011, I caused a true and correct copy of the foregoing document to be hand-delivered to the following:

Kim Williams
Rob Williamson
Williamson & Williams
187 Parfitt Way SW, Suite 250
Bainbridge Island, WA 98110
*Attorneys for Plaintiffs*

David M. Soderland
Dunlap & Soderland, P.S.
901 Fifth Avenue, Suite 3003
Seattle, WA 98164
*Attorneys for Domino's Pizza, LLC*

Nelson C. Fraley II
Faubion, Johnson, Reeder & Fraley, P.S.
5920 – 100th St. SW #25
Lakewood, WA 98499
*Attorneys for Defendant Four Our Families, Inc.*

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED: May 31, 2011 at Seattle, Washington.

*/s/ Heidi M. Powell*
Heidi M. Powell

**NOTICE OF REMOVAL – Page 6**

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

# EXHIBIT A

SERVED

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

CAROLYN ANDERSON,

                              Plaintiff,

vs.

DOMINO'S PIZZA, INC., DOMINO'S
PIZZA, LLC, FOUR OUR FAMILIES, INC.,
and CALL-EM-ALL, LLC,

                              Defendants.

CLASS ACTION

No. 10-2-15941-0 SEA

SUMMONS ON AMENDED COMPLAINT

TO:  CALL-EM-ALL, LLC, Defendant

A lawsuit has been started against you in the above-entitled Court by the

Plaintiff.  Plaintiff's claims are stated in the written Amended Complaint, a copy of

which is served upon you with this Summons.

In order to defend against the lawsuit, you must respond to the Amended

Complaint by stating your defense in writing, and serve a copy upon the undersigned

attorney for the Plaintiff within twenty (20) days after the service of this Summons, or

within sixty (60) days if this Summons was served outside the State of Washington,

excluding the day of service, or a default judgment may be entered against you without

notice.  A default judgment is one where the Plaintiff is entitled to what has been asked

SUMMONS ON AMENDED COMPLAINT -1



WILLIAMSON
& WILLIAMS

17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 10th day of May, 2011.

WILLIAMSON & WILLIAMS

By: _____

Rob Williamson, WSBA #11387
Kim Williams, WSBA #9077

*Attorneys for the Plaintiff and the
Proposed Classes*

SUMMONS ON AMENDED COMPLAINT -2

**WILLIAMSON & WILLIAMS** | 17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

CAROLYN ANDERSON,

                                    Plaintiff,

vs.

DOMINO'S PIZZA, INC., DOMINO'S
PIZZA, LLC, FOUR OUR FAMILIES, INC.,
and CALL-EM-ALL, LLC,

                                    Defendants.

**CLASS ACTION**

No. 10-2-15941-0 SEA

**AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY
RELIEF**

Plaintiff Carolyn Anderson, individually and as class representative for a National Class of similarly situated individuals and a Washington State Class of similarly situated individuals, alleges as follows:

## I. PARTIES, JURISDICTION, VENUE

1.1.    Defendant Domino's Pizza, Inc. is a Delaware corporation with its principal offices in Ann Arbor, Michigan.  Defendant Domino's Pizza, LLC, a subsidiary of Domino's Pizza, Inc., is a Michigan corporation with its principal offices in Ann Arbor, Michigan. Defendant Four Our Families, Inc. is a Washington corporation with its principal offices in Tacoma, Washington.  All said Defendants are referred to collectively in this complaint as "Domino's" or "Defendant Domino's."

1.2     Defendant Call-Em-All, LLC is a Texas corporation with its principal offices in Frisco, Texas. According to its website at http://www.call-em-all.com/, Call-Em-All, LLC



engages in automated voice and text messaging for its customers, "mak[ing] over 150,000 calls an hour."

    1.3.    Plaintiff Carolyn Anderson is a resident of Tacoma, Washington and the owner of the telephone on which she receives calls, including those which are the subject of this complaint.

    1.4.    The calls in question were received on Plaintiff Anderson's home telephone in Pierce County, Washington.

    1.5.    Venue and Jurisdiction are proper under RCW 4.12.020, RCW 2.08.010, and Washington Constitution Article 4, §6.

## II. FACTS

    2.1.    On two occasions on August 31, 2009, Defendant Domino's employed or otherwise contracted with Defendant Call-Em-All to place two calls to Plaintiff Anderson's residential telephone number.

    2.2.    The calls consisted of a pre-recorded message delivered by an automatic dialing and announcing device ("ADAD"). The pre-recorded message identified itself as being from Domino's Pizza, and encouraged Plaintiff to purchase products sold by Domino's, including pizza products. These calls were made for the purpose of commercial solicitation, soliciting Plaintiff to purchase merchandise from Domino's. Plaintiff, in receiving the ADAD calls from Domino's, understood that the calls were for the purpose of commercial solicitation.

    2.3.    Defendant Domino's is responsible for making the above-described ADAD calls. Plaintiff did not provide prior consent, express or implied, to the receipt of ADAD solicitation calls from Domino's.

AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 2



2.4.     Upon information and belief, Defendant Domino's employed or otherwise contracted with Defendant Call-Em-All to place numerous substantially similar telephone calls to the telephones of persons in Washington State, including persons in King County and Pierce County, and to persons in other states.

2.5.     Upon information and belief, Defendants intend to continue to send messages to the telephones of persons in Washington State and other states.

### III. CAUSES OF ACTION

3.1.     Plaintiff realleges the foregoing paragraphs as if fully stated herein.  The following causes of action are, to the extent necessary, stated in the alternative.

### Count A. Violation of 47 U.S.C. 227(b)(1)(B)(National Class)

3.2.     In placing ADAD calls to Plaintiff's residential telephone line without prior express consent, Defendants have violated 47 U.S.C. 227(b)(1)(B).

3.3.     As a result of said conduct, Plaintiffs and members of the National Class have sustained damages. Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendants' unlawful conduct, as well as statutory damages and other damages as set forth below.

### Count C.  Violation of RCW 80.36.400 (Washington State Class)

3.4.     In placing ADAD commercial solicitation calls to Plaintiff's residential telephone, Defendants have violated RCW 80.36.400.

3.5.     As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages. Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendants' unlawful conduct, as well as statutory and other damages as set forth below.

AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 3

**WILLIAMSON
& WILLIAMS**  17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

## Count D.  Violation of RCW 19.86 (Washington State Class)

3.6.   Under RCW 80.36.400(3), Defendants' violation of RCW 80.36.400 constitutes a violation of RCW 19.86, *et seq.*, the Washington Consumer Protection Act ("CPA").

3.7.   As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages.  Under the CPA, Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendants' unlawful conduct, as well as statutory and other damages, and fees and costs as set forth below.

## Count E.  Declaratory Relief Under The Washington
### Declaratory Judgment Act (RCW 7.24.010) (Washington State Class)

3.8.   Defendants used an automated dialing and announcement device to send a pre-recorded message to the telephones of persons in Washington.

3.9.   Plaintiff and the Washington State Class are entitled to have their rights, status and legal relations relating to Defendants' use of an automatic dialing and announcing device established by this Court.

## IV. CLASS ACTION ALLEGATIONS

4.1.   Plaintiff realleges the foregoing paragraphs as if fully stated herein.

4.2.   This class action is brought and may be maintained pursuant to CR 23(b)(2) and (b)(3).  Plaintiff seeks to represent a National Class and a Washington State Class comprised of:

> National Class:  All persons who received a pre-recorded telephone message on their telephone from Defendants sent by automatic dialing machine without prior express consent, at any time for the period that begins 4 years from the date of this complaint to trial;

> Washington State Class:  All Washington persons who received a pre-recorded telephone message on their telephone from Defendants sent by automatic dialing machine for purposes of commercial solicitation at any

AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 4



time for the period that begins 4 years from the date of this complaint to trial.

4.3.     **Numerosity.**   The Classes are each so numerous that joinder of all members is impracticable.  Upon information and belief the Classes each likely have more than 100 members.

4.4.     **Common Questions of Law and Fact.**  The questions of law and fact are the same for all class members, including whether the Defendants' conduct violated 47 U.S.C. 227(b)(1)(B) and RCW 80.36.400.

4.5.     **The Plaintiff's Claims are Typical of the Class.**  Plaintiff's claims are typical of the Classes in that they arise from Defendants' repeated violation of 47 U.S.C. 227(b)(1)(B) and RCW 80.36.400, and the CPA as to Plaintiff and all other class members.

4.6.     **The Plaintiff Will Fairly and Adequately Protect Class.**  Plaintiff will adequately represent and protect the interests of the Classes because she has retained competent and experienced counsel and her interests in the litigation are not antagonistic to the other members of the Classes.

4.7.     **A Class Action is Maintainable Under CR 23(b)(3).**  The questions of law and fact common to all members of the Classes predominate over questions affecting only individual members of the Classes, because all members of the Classes were subjected to Defendants' unlawful use of one or more ADADs.  The prosecution of separate actions by individual members of the Classes against Defendants would create the risk of inconsistent or varying adjudications and incompatible standards of treatment.  On information and belief, there are no other pending class actions concerning these issues.  A class action is superior to any other available means for the adjudication of this controversy.  This action will cause an orderly and expeditious administration of the Classes' claims; economies of time, effort and

AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 5



expense will be fostered; and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.

4.8.    **A Class Action is Maintainable Under CR 23(b)(2).**  Defendants have acted on grounds generally applicable to Plaintiff and the Classes as alleged herein, thereby making appropriate injunctive and declaratory relief, as well as incidental damages, with respect to the Classes as a whole.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anderson, on behalf of herself and the Classes of similarly situated individuals, respectfully requests that the Court enter judgment in her favor and in favor of the Classes for:

A.    Certification of the Classes pursuant to CR 23(b)(2) and CR 23(b)(3);

B.    Granting declaratory, equitable, and/or injunctive relief as permitted by law to ensure that Defendants will not continue to use automatic dialing and announcement devices to send  messages to telephone subscribers;

C.    Judgment against Defendants for statutory damages of $500.00 for each violation of federal and/or state law involved in Defendants' transmission of unlawful ADAD calls to Plaintiff and each member of the Classes, and for treble damages for each willful or knowing violation;

D.    Judgment for attorney fees and costs of suit as permitted by applicable law.

E.    Any other or further relief which the Court deems fair and equitable.

///

///

///

AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 6

**WILLIAMSON
& WILLIAMS** | 17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780 5557 (FAX)
www.williamslaw.com

1

2   DATED this 10th day of May, 2011.

3                                               WILLIAMSON & WILLIAMS

4                                               By _____

5                                                   Kim Williams, WSBA # 9077
                                                    Rob Williamson, WSBA #11387
6
                                                *Attorneys for Plaintiff and the Proposed*
7                                               *Classes*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 7

**WILLIAMSON
& WILLIAMS**

1/253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

16

# EXHIBIT B

# FAUBION, REEDER, FRALEY & COOK, P.S.

ATTORNEYS AT LAW

| | | |
|---|---|---|
| THOMAS K. FAUBION | Lakewood Professional Village | NICOLE C. BROWN |
| REBECCA K. REEDER | 5920  100th Street S.W., Suite 25 | GRANT L. ANDERSON, OF COUNSEL |
| NELSON C. FRALEY II | Lakewood, Washington  98499 | |
| DANIEL N. COOK | | |

www.fjr-law.com

PHONE:  (253) 581-0660          E-Mail: nfraley@fjr-law.com          FAX: (253) 581-0894

*Via electronic mail only: Andrew Lustigman [andy@lustigmanfirm.com]*

May 17, 2011

Andrew B. Lustigman
The Lustigman Firm, P.C.
149 Madison Avenue; Suite 805
New York, NY 10016

Re:    *Anderson v. Four Our Families, Inc., et al*

Dear Mr. Lustigman:

Per our conversation, my understanding is that, on behalf of Call-Em-All, LLC, you are going to file a motion to remove this case to federal court.  On behalf of my client Four Our Families, Inc., we hereby consent to the removal of this case to federal court.

Sincerely yours,

FAUBION, REEDER, FRALEY & COOK, P.S.

NELSON C. FRALEY II

NCF:ty

18

# DUNLAP & SODERLAND, P. S.

### ATTORNEYS AT LAW
901 FIFTH AVENUE, SUITE 3003
SEATTLE, WASHINGTON 98164

DAVID M. SODERLAND
ROBERT B. GARDNER
BRANT A. GODWIN
RICHARD J. DUNLAP (DECEASED)

TELEPHONE
(206) 682-0902
FACSIMILE
(206) 682-1551

May 17, 2011

Andrew B. Lustigman
The Lustigman Firm, PC
149 Madison Avenue, #805
New York, NY   10016

Re:   Anderson vs. Domino's Pizza, Inc., et al.

Dear Mr. Lustigman:

Pursuant to our conversation, it is my understanding that on behalf of Cal-Em-All, LLC, you are going to file a motion to remove this case to Federal Court. On behalf of my clients, Domino's Pizza, Inc. and Domino's Pizza, LLC, we hereby consent to the removal of this case to Federal Court.

Sincerely,

David M. Soderland

DMS:gg

# EXHIBIT C

1
2
3
4
5
6
7

## SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

8
9
10
11
12
13
14
15
16

| CAROLYN ANDERSON, | **CLASS ACTION** |
|---|---|
| Plaintiff, | **No.: 10-2-15941-0 SEA** |
| v. | **DEFENDANT CALL-EM-ALL, LLC'S NOTICE TO SUPERIOR COURT OF FILING OF NOTICE OF REMOVAL** |
| DOMINO'S PIZZA, INC., DOMINO'S PIZZA, LLC, FOUR OUR FAMILIES, INC. and CALL-EM-ALL, LLC, | **(Clerk's Action Required** |
| Defendants. | |

17
18
19

TO:        Clerk of the Court

AND TO:   Plaintiff Carolyn Anderson, Defendants Domino's Pizza, Inc., Domino's Pizza, LLC and Four Our Families, Inc., and their attorneys of record:

20
21
22
23

**PLEASE TAKE NOTICE** that the above-entitled action has been removed by Defendant Call-Em-All, LLC to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332 and 1441.

24

**NOTICE OF FILING OF NOTICE OF REMOVAL – Page 1**

CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

**PLEASE TAKE FURTHER NOTICE** that attached hereto is a true and correct copy

2

of the Notice of Removal.  The original Notice of Removal has been filed with the

3

aforementioned United States District Court.

4

DATED this 31st day of May, 2011.

5

6

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP

7

8

/s/Kelly P. Corr
Kelly P. Corr, WSBA No. 555

9

Christina Dimock, WSBA No. 40159
Attorneys for Defendant Call-Em-All, LLC

10

11

THE LUSTIGMAN FIRM, P.C.

12

13

/s/Andrew B. Lustigman
Andrew B. Lustigman (*pro hac* to be filed)

14

Scott Shaffer (*pro hac* to be filed)
149 Madison Avenue, Suite 805

15

New York, New York 10016

16

17

18

19

20

21

22

23

24

**NOTICE OF FILING OF NOTICE OF REMOVAL**
**– Page 2**

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

## CERTIFICATE OF SERVICE

2

The undersigned hereby certifies as follows:

3

4

I am employed at Corr Cronin Michelson Baumgardner & Preece LLP, attorneys of

5

record for Defendant Call-Em-All, LLC herein.

6

On May 31, 2011, I caused a true and correct copy of the foregoing document to be

7

hand-delivered to the following:

8

Kim Williams
Rob Williamson

9

Williamson & Williams

David M. Soderland
Dunlap & Soderland, P.S.
901 Fifth Avenue, Suite 3003
Seattle, WA 98164

10

187 Parfitt Way SW, Suite 250
Bainbridge Island, WA 98110

*Attorneys for Domino's Pizza, LLC*

11

*Attorneys for Plaintiffs*

12

Nelson C. Fraley II
Faubion, Johnson, Reeder & Fraley, P.S.

13

5920 – 100th St. SW  #25

14

Lakewood, WA  98499
*Attorneys for Defendant Four Our Families, Inc.*

15

16

I declare under penalty of perjury under the laws of the state of Washington that

17

the foregoing is true and correct.

18

DATED: May 31, 2011 at Seattle, Washington.

19

20

*/s/ Heidi M. Powell*

21

Heidi M. Powell

22

23

24

**NOTICE OF FILING OF NOTICE OF REMOVAL**
**– Page 3**

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

# EXHIBIT D

Michael W. Brown

September 30, 2010

Page 1

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

-----------------------------------------------------------------

CAROLYN ANDERSON,                     )

              Plaintiff,          )

    vs.                               ) No. 10-2-15941-0 SEA

DOMINO'S PIZZA, INC., DOMINO'S        )

PIZZA, LLC and FOUR OUR               )

FAMILIES, INC.,                       )

            Defendants.           )

-----------------------------------------------------------------

Deposition Upon Oral Examination Of

MICHAEL W. BROWN

-----------------------------------------------------------------

9:38 a.m.

Thursday, September 30, 2010

5920 100th Street SW, Suite 25

Tacoma, Washington

REPORTED BY:  Keri A. Aspelund, RPR, CCR No. 2661

www.seadep.com

SEATTLE DEPOSITION REPORTERS, LLC
(206) 622-6661 * (800) 657-1110 FAX: (206) 622-6236

Michael W. Brown

September 30, 2010

---

**Page 2**

```
1    APPEARANCES:
2    For the Plaintiff:  ROB WILLIAMSON, ESQ.
3                        Williamson & Williams
4                        187 Parfitt Way SW, Suite 250
5                        Bainbridge Island, WA 98110
6                        206-780-4447
7                        roblin@williamslaw.com
8    For the Defendants Domino's:
9                        DAVID M. SODERLAND, ESQ.
10                       Dunlap & Soderland
11                       901 Fifth Avenue, Suite 3003
12                       Seattle, WA 98164
13                       206-682-0902
14                       dsoderland@dunlapsoderland.com
15   For the Defendant Four Our Families:
16                       NELSON C. FRALEY II, ESQ.
17                       Faubion, Johnson, Reeder & Fraley
18                       5920 100th Street SW, Suite 25
19                       Tacoma, WA 98499
20                       253-581-0660
21                       nfraley@fjr-law.com
22
23
24
25
```

---

**Page 3**

```
1              E-X-H-I-B-I-T  I-N-D-E-X
2    NO.  DESCRIPTION                       PAGE/LINE
3    1    Amended Subpoena for Deposition of    4   4
4         Michael Brown
5    2    (Exhibit withdrawn)                   4   5
6    3    Plaintiff's First Interrogatories     4   6
7         and Requests for Production with
8         Answers and Responses Thereto
9    4    Domino's Pizza LLC Standard           4   7
10        Franchise Agreement
11   5    Call em all charges                   4   8
12   6    Credit Balance                       51   2
13   7    Opt Out Report                       51   3
14
15            E-X-A-M-I-N-A-T-I-O-N
16   BY                               PAGE/LINE
17   MR. WILLIAMSON                        4  11
18   MR. SODERLAND                        66   2
19   MR. WILLIAMSON                       76   1
20   MR. FRALEY                           77   1
21   MR. WILLIAMSON                       78   4
22
23
24   (Note:  * Denotes phonetic spelling.)
25
```

---

**Page 4**

```
1         Tacoma, Washington; Thursday, September 30, 2010
2              9:38 a.m.
3
4              (Exhibit-1 marked.)
5              (Exhibit-2 marked.)
6              (Exhibit-3 marked.)
7              (Exhibit-4 marked.)
8              (Exhibit-5 marked.)
9    MICHAEL W. BROWN:    Witness herein, having been
10             duly sworn, testified as follows:
11             E-X-A-M-I-N-A-T-I-O-N
12   BY MR. WILLIAMSON:
13     Q.  Mr. Brown, would you just state your full name
14   including your middle initial for us.
15     A.  Michael W. Brown.
16     Q.  And you are the owner of some Domino's stores,
17   is that correct?
18     A.  Yes.
19     Q.  Okay.  For purposes of our deposition, if I talk
20   about Domino's, I mean the corporate main headquarters, the
21   franchisor, okay?
22     A.  Okay.
23     Q.  And when I talk about the stores, I mean your
24   store or stores; is that okay?
25     A.  Four Our Families, Inc.?
```

---

**Page 5**

```
1      Q.  Yes.
2      A.  Okay.
3      Q.  And then if I talk about the calls, I mean the
4    calls that were placed through using -- what is it
5    called -- Call-Em-All?
6      A.  Yes.
7      Q.  So, the calls, some people call them robocalls,
8    and some people call them ADAD, and there's difference
9    names, but for our deposition, I'll just say the calls,
10   okay?
11     A.  Okay.
12     Q.  Tell me when Four Our Families, Inc., was
13   formed.  Four Our Family, is it, Inc.?
14     A.  Yeah, it's F-O-U-R --
15     Q.  Right.
16     A.  -- Our, O-U-R, and Families with I-E-S.
17     Q.  Right.
18     A.  And it was formed in September of 1994.
19     Q.  Okay.  Was it formed to -- was it formed as part
20   of making a decision to buy a franchise from Domino's?
21     A.  I bought four stores, yes.
22     Q.  Okay.  In '94?
23     A.  Yes.
24     Q.  Oh, okay.  And do you still have those same four
25   stores?
```

---

2 (Pages 2 to 5)

Michael W. Brown

September 30, 2010

**Page 34**

1    A. Yeah.
2    Q. All right. And so then you had contact with
3  some -- renewed contact with somebody at Call-Em-All, or
4  was it just a matter of going on their web site?
5    A. You can go right onto their web site and sign
6  up, anybody can.
7    Q. Okay. And the process, as I understand it,
8  would be in part that you would download phone numbers that
9  you wanted to be called, is that right?
10   A. Correct.
11   Q. Okay. What about did you have to download or
12 type in the script of what you wanted the call to say?
13   A. Yes.
14   Q. Okay. And when did you first start having these
15 calls made on your behalf, roughly?
16   A. I believe in June of 2009.
17   Q. All right. And how long did you do that?
18   A. Up until about August 30th or 31st.
19   Q. Of 2009?
20   A. Yes.
21   Q. Okay. And why did you stop after that?
22   A. Because they changed the federal law that you
23 had to have a written permission from the customer to be
24 called, so --
25   Q. How did you -- sorry.

**Page 35**

1    A. From them. They e-mailed me in August and said
2  the laws are changing on September 1st, and they even
3  advertised that we can help you with getting these forms,
4  and I just looked at it and said that's way too much work
5  for all my customers to get written permission to be able
6  to call it, so I just said I'm not going to do it anymore
7  after that point.
8    Q. Okay. Did you ever have -- did you ever believe
9  that the marketing this way was helpful? Did you have any
10 sense that it improved sales or not?
11   A. Oh, yes, it did.
12   Q. Oh, okay. So, when you would go online -- when
13 you went on -- excuse me, went online initially to do this,
14 was there some portion of their web page where you had to,
15 in effect, sign a contract, where you had to click "I
16 agree," or somehow there was something that went that --
17 that you had to do?
18   A. Yeah, I believe there was.
19   Q. But nothing sent to you? You don't have any
20 papers, do you, from them?
21   A. No.
22   Q. All right. And do you recall -- so, initially
23 to do it you would need to download telephone numbers, is
24 that right?
25   A. To them, yes.

**Page 36**

1    Q. Okay. Do you remember roughly how big the first
2  download was, how many numbers?
3    A. I don't know. An estimate, I think I tried
4  5,000 calls the first time. I don't have the records in
5  front of me --
6    Q. Okay.
7    A. -- of what the charges were on my credit card.
8    Q. Okay. And was the database then that large at
9  that time, were there 5,000 phone numbers that you were
10 able to download into the system?
11   A. Yes.
12   Q. Okay. Did you have more than that and you just
13 limited the first download to 5,000 numbers?
14   A. Yeah.
15   Q. Okay.
16   A. I would do it by location of each store.
17   Q. Oh, all right. And how did you get those phone
18 numbers?
19   A. I downloaded them from the store.
20   Q. Okay. And how did the store have them?
21   A. From the customer calling in --
22   Q. Okay.
23   A. -- and then they would give their telephone --
24 we would get it on caller ID and confirm it, which is a
25 safety thing, and then we'd put their address in, and make

**Page 37**

1  their pizza up, and then they're in our database at that
2  point.
3    Q. And was the database that was available kept by
4  each store?
5    A. Yes.
6    Q. So, you've got like six databases?
7    A. Yes.
8    Q. All right. So, do you remember -- if you don't,
9  that's okay -- which store's database you used for the
10 first call?
11   A. No, I don't remember that.
12   Q. Okay. Did you, over the course of the few
13 months that you did this, make calls from each of the
14 stores?
15   A. Yes.
16   Q. Did you sometimes do more than one store?
17   A. Yes.
18   Q. Did the script change over the six -- three
19 months or so you did this?
20   A. Yes.
21   Q. Okay. At any point did anyone with Call-Em-All
22 interface with you about you might want to change the
23 script to this or that, or was it always your decision?
24   A. My decision.
25   Q. Okay.

10  (Pages 34 to 37)