HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROLYN ANDERSON,<br><br>                       Plaintiff,<br><br>      v.<br><br>DOMINO'S PIZZA, INC., DOMINO'S PIZZA, LLC, FOUR OUR FAMILIES, INC., AND CALL-EM-ALL, LLC<br><br>                       Defendants. | No.  11-cv-902 RBL<br><br>ORDER<br><br><br><br><br><br>[Dkt. #106] |

Plaintiff has moved for reconsideration of the Court's order denying class certification. (*See* Pl.'s Mot. for Reconsideration, Dkt. #106.)  The Court denied certification because Plaintiff's motion was untimely and the delay lacked cause. (*See* Order, Dkt. #104) (stating that Plaintiff failed to file within the 180-day period imposed by Local Rule 23(i)(3).)  Plaintiff has rightly pointed out, however, that the Court granted an extension of time approximately a month after Plaintiff originally filed her motion for certification and after all briefing had been completed. (*See* Order, Dkt. #71) (Plaintiff's motion for class certification was due November 28, 2011; Plaintiff moved for certification on December 22, 2011; Plaintiff moved for an extension of time on January 12, 2012.)  The Court will, therefore, reconsider its decision.

### I.   RECONSIDERATION

Under Local Rule 7(h):

> Motions for reconsideration are disfavored.  The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Order - 1

The Ninth Circuit has called reconsideration an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners*, 179 F.3d 656, 665 (9th Cir. 1999)).

The Court erred in failing to consider its previous order granting an extension of time. Reconsideration, however, leads to the same result.

As an initial matter, the Court must conclude that it wrongly granted the extension of time. Plaintiff originally filed this case in state court on April 29, 2010. (*See* Pl.'s Mot. for Extension, Dkt. #51.) After a year in state court (including discovery), Plaintiff added Call-Em-All, which removed the case on May 31, 2011. *Id.* at 2.

In its motion of an extension of time, Plaintiff asserted that the delay in filing for class certification was due to holdups in discovery. Specifically, Plaintiff stated that it was unable to depose the president of Call-Em-All until December 2, 2011. *Id.* at 3. The Court granted the motion, believing that the delays warranted an extension of time—even though Plaintiff sought the extension only after missing the deadline. Upon substantive review of the motion for class certification, however, the Court sees no reason that the discovery mentioned in the motion for extension should have caused delay. Indeed, Plaintiff had been involved in discovery with Domino's and Four Our Families ("FOFI") for the better part of 2010 and knew the size of the class, the nature of the calls, and the three entities involved. *Id.* at 2–4. The motion relies almost entirely on the deposition of Michael Brown, president of FOFI, which was available to Plaintiff long before the deadline for class certification.

In short, a substantive review of the motion for class certification reveals that the motion for extension of time lacked good cause, and the Court should not have granted the extension. But in the interest of thoroughness, the Court will consider the Rule 23 requirements for class certification, which reveal that non-certification is doubly correct.

## II.   CLASS CERTIFICATION

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). To justify certifying a class, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id.* (quoting *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)).

Federal Rule 23 outlines the prerequisites to class certification. *Dukes*, 131 S. Ct. at 2548. Under Rule 23(a), a class may be certified if it meets four requirements: numerosity, commonality, typicality, and adequate representation.[1] Once the Rule 23(a) requirements are met, the proposed class must meet one of three requirements of 23(b):

(1) prosecuting separate actions . . . would create a risk of:
 (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
 (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or,
(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b). These rules are "not . . . a mere pleading standard." *Dukes*, 131 S. Ct. at 2551. Certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Id.* The party seeking class certification—Ms.

---

[1] Federal Rule 23(a) provides:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Anderson here—bears the burden of demonstrating that the class meets the Rule 23 requirements. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012) (citing *Dukes*, 131 S. Ct. at 2551). Here, because the Court finds that Plaintiff cannot establish the requirements of commonality and typicality, certification is inappropriate.

### A. Proposed Class

Plaintiff seeks to certify the following class:

> All Washington persons who received a pre-recorded telephone message on their telephone from Defendants sent by automatic dialing machine for purposes of commercial solicitation at any time for the period that begins four years from the date of this complaint to trial.

(Compl. ¶ 4.2, Dkt. #1, Ex. A.)[2] Plaintiff asserts that FOFI, Domino's,[3] and Call-Em-All are liable under Revised Code of Washington § 80.36.400 (governing the use of "automatic dialing and announcing devices") ("WADAD"), and under § 19.86 (Washington's Consumer Protection Act), for unsolicited commercial calls made to the proposed class.

### B. Rule 23(a) Requirements

#### 1. Numerosity

"The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980). Courts require only that the potential class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

Plaintiff, alleging 42,000 calls, readily meets the numerosity requirement.[4]

#### 2. Commonality

Commonality requires that the class members' claims "'depend upon a common contention' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke.'" *Mazza*, 666 F.3d at 588 (citing *Dukes*, 131 S. Ct. at 2551) (internal alteration omitted). Thus, as the Supreme Court has explained, "[w]hat matters

---

[2] Plaintiff revises the Complaint's wording in her motion for class certification, but the revisions are slight and immaterial to the conclusion. (*See* Pl.'s Mot. for Class Certification at 1, Dkt. #31.)
[3] Domino's has been granted summary judgment.
[4] The Court notes, of course, that the number of class members is probably less than 42,000, given that certain recipients may have received multiple calls. However, the parties and the Court may comfortably presume that the calls were spread over a larger number of recipients than would fit into the courtroom.

to class certification is not the raising of common questions—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Dukes*, 131 S. Ct. at 2551 (citing Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 131–32 (2009)) (internal punctuation omitted; italicized in original). To determine commonality, a court may be required to delve into the merits of the plaintiff's claims. *Id.* at 2551–52 ("The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.").

Commonality is lacking in this case for one overriding reason: the question of liability hinges on whether each proposed class member consented to receiving the calls—an individual determination. In short, WADAD penalizes only *unsolicited* commercial calls; calls to which a recipient has consented are fine. *See* Wash. Rev. Code § 80.36.400. Thus, this case turns entirely on whether each recipient had consented. And consent, or lack thereof, cannot be established for the proposed class members absent 42,000 individual hearings.

There are certainly WADAD cases where the issue of consent can be resolved on a classwide basis. *See, e.g.*, *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D. Wash. 2007) (Lasnik, J.) (noting that "class membership [could] be determined based on objective criteria" where defendant obtained call list from a single third-party database, and the issue of consent was therefore common to all recipients). But this is not one. *See, e.g.*, *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1169–70 (S.D. Ind. 1997) (holding that inability to determine consent on classwide basis undermined commonality); *Forman v. Data Transfer*, 164 F.R.D 400, 404 (E.D. Pa. 1995) (same); *Vigus v. Southern Illinois Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229, 238 (S.D. Ill. 2011) (same); *Gene and Gene LLC v. BioPay LLC*, 541 F.3d 318, 327–29 (5th Cir. 2008) (same). FOFI compiled its list directly from customers (via phone and computer sales), and many of the recipients accepted the discounts FOFI advertised, implying at least some consenting recipients exist in the class. Determining which members of the class gave prior consent to receive FOFI's calls is ultimately an individual question—a question that undermines commonality.

### 3. Typicality

"The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992). In determining typicality, courts ask "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (internal quotations omitted).

The commonality and typicality requirements have a "tend[ency] to merge," *Dukes*, 131 S. Ct. at 2551 n.5, and they do so here. Like the commonality analysis, the inability to determine consent on a classwide basis undermines typicality. Plaintiff cannot demonstrate that other members of the proposed class have suffered the same injury without a highly individualized inquiry.

### 4. Adequate Representation

In resolving whether counsel will adequately represent the proposed class, courts must answer two questions: "'(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members; and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Ellis*, 657 F.3d at 985 (quoting *Hanlon*, 150 F.3d at 1020). "Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees." *Id.*

The parties do not contest the adequacy of representation, and the Court sees no reason to do so either.

### III.   CONCLUSION

Because the Court finds that commonality and typicality are lacking, the analysis need proceed no further.  The motion for class certification (Dkt. #106) is **DENIED**.

Dated this 16th day of May 2012.

                                                              Ronald B. Leighton
                                                              United States District Judge